KATHRYN N. NESTER, Federal Public Defender (#13967)
ROBERT K. HUNT, Assistant Federal Public Defender (#5722)
DAPHNE A. OBERG, Assistant Federal Public Defender (#11161)
OFFICE OF THE FEDERAL PUBLIC DEFENDER
DISTRICT OF UTAH

JAMI JOHNSON, Assistant Federal Public Defender
New York State Bar #4823373
OFFICE OF THE FEDERAL PUBLIC DEFENDER
DISTRICT OF ARIZONA

Attorneys for Defendant
46 West Broadway, Suite 110
Salt Lake City, Utah 84101
Telephone: (801) 524-4010
Fax: (801) 524-4060

___

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>RON ROCKWELL HANSEN,<br><br>  Defendant. | **DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION IN LIMINE SEEKING A PRETRIAL RULING REGARDING THE ADMISSIBILITY OF THE CUSTODIAL STATEMENTS MADE BY THE DEFENDANT**<br><br>Case No 1:18-cr-00057-DB-1 |

Defendant Ron Rockwell Hansen ("Mr. Hansen") through undersigned counsel hereby responds to the Government's Motion *in Limine* Seeking a Pretrial Ruling Regarding the Admissibility of Custodial Statements Made by the Defendant (the "government's motion") (Doc. 26). The government's motion should be denied because it fails to state a proper procedural basis for the relief requested therein and represents an improper attempt to usurp Mr.

Hansen's rights under the Federal Rules of Criminal Procedure to decide, in consultation with counsel, the timing and scope of any constitutional arguments he may ultimately choose to raise regarding the admissibility of the evidence identified in the government's motion.

While nominally styled a "motion in *limine*" based in Federal Rule of Evidence 801(d)(2)(A) (Govt's Mot. at 3), the text of the government's motion makes clear that the government does not seek a pretrial ruling that the statements in question are statements by the defendant and are therefore non-hearsay pursuant to Fed. R. Evid. 801(d)(2)(A) but rather seeks preemptive adjudication of the constitutionality of the government's custodial interrogation of Mr. Hansen as a whole.  *See, e.g.*, Govt's Mot. at 3 ("The interview of Mr. Hansen constituted a custodial interrogation, thereby implicating the procedural safeguards announced in *Miranda v. Arizona*, 384 U.S. 436, 444 (1966)").  The purpose of a motion *in limine* is to seek a pretrial ruling on an objection or anticipated objection grounded in the Federal Rules of Evidence.  A motion *in limine* is not the proper vehicle to address concerns about the constitutionality of the government's anticipated evidence.  *See United States v. Vafeades*, Case No. 2:14-cr-00153-DN, 2015 U.S. Dist. LEXIS 169736 at *3 (D. Utah Dec. 18, 2015) ("The term 'motion to suppress' covers efforts to invoke the exclusionary rule, or the *Miranda* doctrine, or the many other constitutional and statutory rules that keep probative evidence out of the trial record . . . . Although the Rules of Criminal Procedure do not define 'motion to suppress,' the phrase may be given meaning by thinking about what it is not:  a motion under a Rule of Evidence . . . . A request for a decision under the Rules of Evidence may be made before trial (lawyers often call these 'motions in limine') . . . . Objections outside the Rules of Evidence properly may be called 'motions to suppress'." (quoting *United States v. Acox*, 595 F.3d 729, 732–33 (7th Cir. 2010)); *see also United States v. Bundy*, Case No. 2:16-cr-46-GMN-PAL, 2017 U.S. Dist. LEXIS

170148 at *6–8 (D. Nev. Oct. 13, 2017) ("Here, the Court finds that this issue should have been raised in a Federal Rule of Criminal Procedure 12(b)(3)(C) motion to suppress . . . . The purpose for motions *in limine* is to determine whether evidence is admissible pursuant to Federal Rules of Evidence.  Defendant's motion is not seeking to exclude the Longbow evidence based on assertion regarding irrelevance, undue prejudice substantially outweighing probative value, or any other evidentiary cause.  Rather, Defendant's argument centers upon the allegations of constitutional violations stemming from the evidence, specifically that Defendant's *Sixth Amendment* right-to-counsel was violated, Defendant made the statements involuntarily, and the Government's conduct was outrageous . . . . Defendant provides no good cause for the Court to consider this motion as an untimely motion to suppress . . . . Accordingly, the Court denies the Defendant's motion.") (internal citations omitted).

Federal Rule of Criminal Procedure 12 sets forth the procedure for litigating constitutional challenges to the admissibility of evidence.  Specifically, Fed. R. Crim. P. 12.  Rule 12(b)(3)(A) requires that any motion seeking the suppression of evidence of evidence be filed in advance of trial absent good cause.  Fed. R. Crim. P. 12(b)(3)(A).  Notably, while Rule 12 sets forth the procedure for a criminal defendant to raise constitutional challenges to the admission of specific pieces of evidence, the Rule does not provide the government with a corresponding ability to seek anticipatory rulings regarding the constitutionality of its own evidence, as the government's motion in this case appears designed to do.  Rather, the Rule provides simply that the government may, at its discretion, "notify the defendant of its intent to use specified evidence at trial in order to afford the defendant an opportunity to object before trial under Rule 12(b)(3)(C)."  Fed. R. Crim. P. 12(b)(4)(A).

In accordance with Federal Rule of Criminal Procedure 12, Mr. Hansen therefore construes the government's motion as notice pursuant to Fed. R. Crim. P. 12(b)(4)(A) of the government's intent to offer at trial the statements identified in the government motion, and Mr. Hansen hereby advises the Court that he will file any and all constitutional challenges to the admission of such statements, including but not limited to challenges under the Fifth and Sixth Amendments, sufficiently in advance of trial to comply with Rule 12 as well as with any scheduling orders that may ultimately be issued by this Court.

Mr. Hansen objects to the government's attempt to use a procedurally improper motion *in limine* to require Mr. Hansen to litigate a Rule 12(b)(3)(C) motion to suppress on a schedule chosen by the government, rather than on a schedule chosen by Mr. Hansen, particularly at this early stage of the litigation.  Mr. Hansen's decisions regarding whether, when, and how to litigate any Rule 12 motions to suppress that he may ultimately elect to file necessarily implicate important constitutional concerns, including decisions about whether or not to testify at any pretrial hearings that may be necessary to resolve any Rule 12 motions.  They also implicate important strategic decisions that can only be made in consultation with counsel and only after consideration of the totality of the evidence, only a fraction of which has thus far been received and reviewed by counsel.

Mr. Hansen notes that the statements at issue are part of classified discovery that can be reviewed only in person, under tightly controlled conditions, at specified locations.  As of the date of this submission, only two of four defense counsel have received the security clearances necessary to review the statements, and only one of two cleared counsel has yet had the opportunity to do so.  Mr. Hansen himself has not yet had an opportunity to review the material

4

at issue, nor has counsel had the opportunity to meet with Mr. Hansen in a secure facility to discuss the material with him.

WHEREFORE, PREMISES CONSIDERED, Mr. Hansen respectfully requests that the government's motion be denied and that Mr. Hansen be excused from providing substantive response to the constitutional arguments raised in the government's motion. Should however the Court determine that a substantive response to the government's motion is required, Mr. Hansen respectfully reserves his right to seek from this Honorable Court an extension of time to file substantive response.

DATED this 3rd day of October, 2018.

                                            */s/ Jami Johnson*
                                            JAMI JOHNSON
                                            Assistant Federal Public Defender