FILED IN UNITED STATES DISTRICT COURT, DISTRICT OF UTAH

MAR 15 2019

D. MARK JONES, CLERK
BY_____
    DEPUTY CLERK

JOHN W. HUBER, United States Attorney (#7226)
ROBERT A. LUND, Assistant United States Attorney (#9579)
KARIN FOJTIK, Assistant United States Attorney (No. 7527)
MARK K. VINCENT, Assistant United States Attorney (No. 5357)
PATRICK T. MURPHY, Trial Attorney, U.S. Department of Justice (NY Bar #2750602)
MATTHEW J. MCKENZIE, Trial Attorney, U.S. Department of Justice (NY Bar #4791513)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone: (801) 524-5682

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> RON ROCKWELL HANSEN, <br><br> Defendant. | Case No. 1:18-CR-00057-DB <br><br> STATEMENT BY DEFENDANT IN ADVANCE OF PLEA OF GUILTY AND PLEA AGREEMENT PURSUANT TO FED. R. CRIM. P. 11(c)(1)(C) <br><br> Judge Dee Benson |

I hereby acknowledge and certify that I have been advised of and that I understand the following facts and rights, and that I have had the assistance of counsel in reviewing, explaining, and entering into this agreement:

1.  As part of this agreement with the United States of America ("United States"), I intend to plead guilty to Count 1 of the Indictment. My attorney has explained the nature of the charge against me, and I have had an opportunity to discuss the nature of the charge with my attorney. I understand the charge and what the United States is required to prove in order to convict me. The elements of Count 1, Attempt to Gather or Deliver Defense Information are:

    - The defendant attempted to communicate, deliver, or transmit to an agent of a foreign government information respecting the national defense of the United States, and

- The defendant did so with intent or reason to believe that the information was to be used to the injury of the United States or to the advantage of a foreign nation.

2. I know that the maximum possible penalty provided by law for Count 1 of the Indictment, a violation of 18 U.S.C. § 794(a), is a term of imprisonment for life, a fine of $250,000, a term of supervised release of 5 years, and any applicable forfeiture. I understand that if I violate a term or condition of supervised release, I can be returned to prison for the length of time provided in 18 U.S.C. § 3583(e)(3).

    a. Additionally, I know the Court is required to impose an assessment in the amount of $100 for each offense of conviction, pursuant to 18 U.S.C. § 3013. Furthermore, restitution to the victim of my offense may be ordered pursuant to 18 U.S.C. § 3663A.

    b. I understand that, if I am not a United States citizen, I may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

    c. I understand the potential consequences of this conviction set forth in 5 U.S.C. § 8312.

3. I know that the sentencing procedures in this case and the ultimate sentence will be determined pursuant to 18 U.S.C. § 3553(a), and that the Court must consider, but is not bound by, the United States Sentencing Guidelines, in determining my sentence. I have discussed these procedures with my attorney. I also know that the final calculation of my sentence by the Court may differ from any calculation the United States, my attorney, or I may have made, and I will not be able to withdraw my plea if this occurs. However, because my plea of guilty is being entered pursuant to Rule 11(c)(1)(C), as explained below, I know that I will be able to withdraw my plea if the Court does not accept the terms of this agreement.

4. I know that I can be represented by an attorney at every stage of the proceeding, and I know that if I cannot afford an attorney, one will be appointed to represent me.

5. I know that I have a right to plead "Not Guilty" or maintain my earlier plea of "Not Guilty" and can have a trial on the charges against me.

6. I know that I have a right to a trial by jury, and I know that if I stand trial by a jury:

    a. I have a right to the assistance of counsel at every stage of the proceeding.

    b. I have a right to see and observe the witnesses who testify against me.

  c. My attorney can cross-examine all witnesses who testify against me.

  d. I can call witnesses to testify at trial, and I can obtain subpoenas to require the attendance and testimony of those witnesses. If I cannot afford to pay for the appearance of a witness and mileage fees, the United States will pay them.

  e. I cannot be forced to incriminate myself, and I do not have to testify at any trial.

  f. If I do not want to testify, the jury will be told that no inference adverse to me may be drawn from my election not to testify.

  g. The United States must prove each and every element of the offense charged against me beyond a reasonable doubt.

  h. It requires a unanimous verdict of a jury to convict me.

  i. If I were to be convicted, I could appeal, and if I could not afford to appeal, the United States would pay the costs of the appeal, including the services of appointed counsel.

7. If I plead guilty, I will not have a trial of any kind.

8. I know that 18 U.S.C. § 3742(c)(1) sets forth the circumstances under which I may appeal my sentence. However, fully understanding my right to appeal my sentence, and in consideration of the concessions and/or commitments made by the United States in this plea agreement, I knowingly, voluntarily and expressly waive my right to appeal other than as set forth in paragraph 12 below.

9. I know that, under 18 U.S.C. § 3742(c)(2), the United States may only appeal my sentence if it is less than the sentence set forth in this agreement.

10. I know that under a plea of guilty the judge may ask me questions under oath about the offense. The questions, if asked on the record and in the presence of counsel, must be answered truthfully and, if I give false answers, I can be prosecuted for perjury.

11. I stipulate and agree that the following facts accurately describe my conduct. These facts provide a basis for the Court to accept my guilty plea:

  In early 2014, agents of a Chinese intelligence service targeted me for recruitment, and I began meeting with them regularly in China. During those meetings, the agents described to me the type of information that would interest Chinese intelligence. During the course of my relationship with Chinese intelligence, I received hundreds of thousands of dollars in compensation for information I

provided them, including information I gathered at various industry conferences. Between May 24, 2016 and June 2, 2018, in the District of Utah and elsewhere, I solicited from an intelligence case officer working for the Defense Intelligence Agency (DIA) national defense information that I knew the Chinese Intelligence services would find valuable, and I agreed to act as a conduit to sell that information to the Chinese. I advised the DIA case officer how to record and transmit classified information without detection, and I explained how to hide and launder any funds received as payment for classified information. I now understand that the DIA case officer reported my conduct to the DIA and subsequently acted as a confidential human source for the Federal Bureau of Investigation (FBI).

On June 2, 2018, I met with the DIA case officer and I received from that individual documents containing national defense information that I previously solicited. The documents I received were classified at the SECRET//NOFORN level and contained classification markings. The information related to the national defense of the United States in that it related to United States military readiness in a particular region and was closely held by the United States government. I did not possess a security clearance nor did I possess a need to know the information contained in those materials. I reviewed the documents, queried the case officer about their contents, and took written notes about the materials relating to the national defense information. The notes I took contain information that has been determined to be classified at the SECRET//NOFORN level and constitutes national defense information. I advised the DIA case officer that I would remember most of the details about the documents I received that day and that I would conceal some notes about the material in the text of an electronic document that I would prepare at the airport before leaving for China. Thereafter, agents with the Federal Bureau of Investigation arrested me while I attempted to board a flight to China. At the time of my arrest, I possessed the handwritten notes containing and relating to the classified information I received from the DIA case officer.

I intended to provide the information I received to the agents of the Chinese Intelligence Service with whom I had been meeting, and I knew that the information was to be used to the injury of the United States and to the advantage of a foreign nation. I agree that my conduct violated 18 U.S.C. § 794(a).

12.     The only terms and conditions pertaining to this plea agreement between me and the United States are as follows:

    a. **Guilty Plea.** I will plead guilty to Count 1 of the Indictment.

b. **Stipulated Sentence.** Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the sentence imposed by the Court will be 180 months' imprisonment, which I agree is a reasonable sentence.

(1) I understand that this agreement, including my plea, the agreed upon sentence, and all other terms referenced herein, are subject to the approval of, and acceptance by the Court. I further understand that the Court will likely order the preparation of a Presentence Report to assist in the determination of whether this plea and the agreement are appropriate, and I agree to fully cooperate in the preparation of the Presentence Report.

(2) If, after receiving all relevant information, the Court rejects the plea agreement and determines that a sentence different from the agreed upon sentence will be imposed, I will have the right to withdraw the plea of guilty and the terms of this agreement will become null and void. Likewise, if the Court rejects the plea agreement and determines that the sentence should be less than the agreed upon sentence, I understand that the United States will have the right to move to vacate this agreement, and all terms of this agreement will become null and void.

c. **Dismissal of Counts.** The United States agrees to move for leave to dismiss Count 2-15 of the Indictment at the time of sentencing. The United States also agrees not to seek indictment against me for any other offenses identified during the instant investigation of which the United States Attorney's Office for the District of Utah is currently aware.

d. **Relevant Conduct.** I understand and agree that the Presentence Report may include descriptions of conduct I engaged in which either was not charged against me, will not be pleaded to by me, or both. I understand and agree that the Court will take these facts into consideration in determining the reasonableness of the stipulated sentence.

e. **Continuing Non-Disclosure.** The defendant acknowledges that, in connection with his employment, he entered into certain agreements prohibiting the unauthorized disclosure of classified information, confidential information, and other information acquired as a part of the defendant's performance of his official duties. Even though the defendant is no longer an Army, DIA, or other government employee or contractor, the defendant acknowledges his continuing duties and obligations under these agreements.

f. **Pre-Publication Review.** The defendant understands and acknowledges his legal obligation to refrain from the unauthorized oral or written disclosure of information derived from the United States government or derived from the activities described in the attached Statement of Facts. Should the defendant at any time author or participate in the creation of any book, writing, article, film, documentary or other

production, or otherwise provide information for purposes of publication or dissemination, including but not limited to information provided through interviews with free-lance writers or representatives of any media organization or entity, defendant hereby agrees first to submit in a timely fashion said book, writing, article, film, documentary, or information to the DIA or other relevant member of the United States Intelligence Community (USIC) for timely pre-publication review and deletion of information which, in the discretion of the DIA or relevant USIC member should not be published or disseminated on the grounds of national security or on such other grounds as are already the subject of the defendant's pre-existing agreements with the United States government.

    g. **Commercial Benefits**. At the time of acceptance of the instant plea offer, the defendant agrees to execute an assignment to the United States of any profits or proceeds that he may generate in connection with any publication or dissemination of information describing his work as an employee or contractor for the United States government, his espionage activities, or the facts and circumstances leading to his arrest and conviction. This assignment shall include all profits and proceeds defendant generates, regardless of whether such profits and proceeds are payable to himself or to others directly or indirectly. The assignment is attached and hereby incorporated in this agreement.

    h. **Foreign Government Contacts**. The defendant shall have no contact with any foreign government or agents thereof, and shall not seek or accept, personally or through another person or entity, any benefit from such government or agent thereof, and should such a benefit be received by the defendant or any current or future member of his family, or some other person or entity on his behalf or the behalf of such family members, he agrees to notify the DIA of such benefit, and he hereby assigns any right he has in such a benefit to the United States.

    i. **Media Contacts**. The defendant agrees to notify the DIA immediately of any contacts he intends to have with any media, so that representatives of the intelligence community may be present to monitor the information being disseminated, and, if necessary, to prevent the unauthorized disclosure of information. Such contacts include, but are not limited to, contacts in person, by electronic means, by telephone, or by public or private mail carrier. Among other things, this provision covers contacts relating to any media interview, and contacts with any individual where the subject of the contact involves the publication of any book, article, scripts or other work relating to the defendant's espionage activities or employment with the United States government or work as a United States government contractor.

    j. **Conditions of Incarceration**. The defendant is aware of the provisions of 28 C.F.R. § 501.2 governing conditions of incarceration in national security cases and acknowledges that the United States reserves the right to exercise these provisions.

k. **Appeal Waiver.**

(1) Fully understanding my limited right to appeal my sentence, as explained above in paragraph 8, and in consideration of the concessions and/or commitments made by the United States in this plea agreement, I knowingly, voluntarily, and expressly waive my right to appeal any sentence imposed upon me, except that I do not waive the right to appeal as set forth in 18 U.S.C. § 3742(c)(1), which states that I may not file a notice of appeal unless the sentence imposed is greater than the sentence set forth in this agreement.

(2) I also knowingly, voluntarily, expressly, and entirely waive my right to challenge my conviction and sentence on any ground, unless the sentence imposed is greater than the sentence set forth in this agreement, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under 28 U.S.C. § 2255, except on the issue of ineffective assistance of counsel. Absent those exceptions, I explicitly and irrevocably instruct my attorney not to file an appeal.

(3) I understand that this waiver of my appeal and collateral review rights concerning my sentence shall not affect the United States' right to appeal my sentence pursuant to 18 U.S.C. § 3742(c)(2) and § 3742(b)(1) and (2).

(4) I further understand and agree that the word "sentence" appearing throughout this waiver provision is being used broadly and applies to all aspects of the Court's sentencing authority, including, but not limited to: (1) sentencing determinations; (2) the imposition of imprisonment, fines, supervised release, probation, and any specific terms and conditions thereof; and (3) any orders of restitution.

l. **Discovery Waiver.** I understand that I have certain rights to file additional pre-trial motions in this case. As part of this plea agreement, and based upon the concessions of the United States within this plea agreement, I knowingly, willingly, and voluntarily give up the right to file additional pre-trial motions in this case and to seek any additional discovery. Further, I knowingly, willingly, and voluntarily waive all pending motions and pending requests for discovery. Notwithstanding the foregoing, nothing in this paragraph shall be construed to waive my discovery rights pursuant *Brady vs. Maryland*, 373 U.S. 83 (1963), or with respect to any other constitutionally mandated disclosure obligations.

m. **Presentence Report and Financial Information.** I agree to provide truthful and complete information, including financial information, as requested by the probation office for the preparation of my presentence report and for determination of the conditions of my supervised release. I also consent to allowing the United States Attorney's Office to run a credit check on me. I consent to being placed on the Treasury Offset Program and State Finder.

n. **Forfeiture.**

(1) I agree to forfeit all property acquired from or traceable to my offense and all property that was used to facilitate my offense, including, but not limited to, the following specific property:

| 1 | Apple Ipad A1673 in black spec case |
|---|---|
| 2 | Apple Ipad model A1566, sn: DMQSW5C4HG5D |
| 3 | Dell mini tablet T01C |
| 4 | Samsung Galaxy S5 SM-G900A sn: 353502069462586 |
| 5 | Acer Tablet, Iconia |
| 6 | Samsung Cellphone, SM-G386T |
| 7 | Western Digital Hard Drive, WD1600me-01, sn: WXHZ07474219 |
| 8 | HP Flash Memory |
| 9 | San Disk Flash Memory Cruzer, USB |
| 10 | Flash Memory Logicube "Chinese Version" |
| 11 | Seagate Hard Drive 3.5 HDD, sn: 6RY0BBTS |
| 12 | Samsung Flip Phone, sn: RPPSC33708 |
| 13 | USB Bracelet "UFED Series", Cellebrite |
| 14 | Seagate Hard Drive 2.5 HDD, sn: 6WS10CYB |
| 15 | Seagate Hard Drive 2.5 HDD sn: 5YX08N69 |
| 16 | PNY 32 GB Blue USB Thumb Drive |
| 17 | Apple Ipod A1367 "Ron's Ipod" |
| 18 | Lenovo X61 Laptop s/n:LV-R5YR9 |
| 19 | Centon USB Thumb Drive, 1 of 2 Thumb Drives saved on Seagate HDD |
| 20 | Kingston USB Thumb Drive, 2 of 2 Thumb Drives saved on Seagate HDD |

| 21 | Western Digital Hard Drive "My Passport" |
|---|---|
| 22 | Apple Macintosh Laptop with Nuvestack Label, sn: C02GY1NXDV7P |
| 23 | 3 USB Thumb Drives provided by Ron Hansen to FBI |
| 24 | Apple MacBook Air (On person in Seattle) |
| 25 | Thin Client (On person in Seattle) |
| 26 | Samsung Cellphone G9007 (On person in Seattle) |
| 27 | Micro SD Card from Samsung Phone (On person in Seattle) |

(2) I agree that all such property may be forfeited in either an administrative, civil and/or criminal judicial proceeding. I agree that I will not make a claim to the property or otherwise oppose forfeiture in any such proceedings, and I will not help anyone else do so. If I have already made such a claim, I hereby withdraw it. I further agree that I will sign any necessary documents to ensure that clear title to the forfeited assets passes to the United States, and that I will testify truthfully in any judicial forfeiture proceeding. In addition, I agree that I will not make any claim to property forfeited by any other defendant in this case.

(3) I hereby waive any claims I may have against the United States regarding the seizure and forfeiture of the property covered by this agreement.

(4) I hereby waive the requirements regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

(5) I hereby waive any constitutional or statutory challenges to the forfeiture covered by this agreement, including that the forfeiture is an excessive fine or punishment.

13. I understand and agree that this plea agreement is solely between me and the United States Attorney for the District of Utah and does not bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

14. I understand that I have a right to ask the Court any questions I wish to ask concerning my rights about these proceedings and the plea.

\* \* \* \*

I make the following representations to the Court:

1. I am fifty-nine years of age. My education consists of a college degree. I can read and understand English.

2. This Statement in Advance contains all terms of the agreement between me and the United States; if there are exceptions, the Court will be specifically advised, on the record, at the time of my guilty plea of the additional terms. I understand the United States and I cannot have terms of this plea agreement that are not disclosed to the Court.

3. No one has made threats, promises, or representations to me that have caused me to plead guilty, other than the provisions set forth in this agreement.

4. Neither my attorney nor the United States has promised me that I would receive probation or any other form of leniency because of my plea.

5. I have discussed this case and this plea with my lawyer as much as I wish, and I have no additional questions.

6. I am satisfied with my lawyer.

7. My decision to enter this plea was made after full and careful thought; with the advice of counsel; and with a full understanding of my rights, the facts and circumstances of the case and the consequences of the plea. I was not under the influence of any drugs, medication, or intoxicants when I made the decision to enter the plea, and I am not now under the influence of any drugs, medication, or intoxicants.

8. I have no mental reservations concerning the plea.

9. I understand and agree to all of the above. I know that I am free to change or delete anything contained in this statement. I do not wish to make changes to this agreement because I agree with the terms and all of the statements are correct.

DATED this 15th day of March, 2019.

RON ROCKWELL HANSEN
Defendant

I certify that I have discussed this plea agreement with the defendant, that I have fully explained his rights to him, and that I have assisted him in completing this written agreement. I believe that he is knowingly and voluntarily entering the plea with full knowledge of his legal rights and that there is a factual basis for the plea.

DATED this 15th day of March, 2019.

_____
DAPHNE OBERG
Attorneys for Defendant

I represent that all terms of the plea agreement between the defendant and the United States have been, or will be at the plea hearing, disclosed to the Court, and there are no undisclosed agreements between the defendant and the United States.

DATED this 15 day of March, 2019.

JOHN W. HUBER
United States Attorney

_____
ROBERT A. LUND
Assistant United States Attorney